IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRG-SCHULTZ USA, INC., a Georgia corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>GOTTSCHALKS, INC., a Delaware corporation,<br>                Defendant. | CV F 05-1341 AWI DLB<br><br>**ORDER OF DISMISSAL** |

On February 2, 2007, the parties filed a request for dismissal with prejudice of this action. The request is signed by the parties who have appeared in this case.

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.

1986).  Because a stipulation for dismissal has been filed and signed by all parties who have made an appearance, as required by Rule 41(a)(1)(ii), this action has terminated.

Therefore, IT IS HEREBY ORDERED that the complaint is DISMISSED with prejudice and Clerk of the Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:     February 5, 2007**          _____/s/ Anthony W. Ishii_____
0m8i78                                              UNITED STATES DISTRICT JUDGE

2